IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH L. STOVALL,

    Plaintiff,                           No. CIV S-07-1412 GEB EFB PS[1]

    vs.

DR. SANTI RAO, THE SPECIALIST        <u>ORDER</u>
ORTHOPAEDIC MEDICAL CORP.,

    Defendants.
_____/

        This case was referred to the undersigned pursuant to Local Rule 72-302(c) and 28 U.S.C. § 636(b)(1).  Plaintiff, a prisoner without counsel, has filed a complaint alleging claims sounding in common law tort for events occurring prior to his incarceration.  He has submitted an affidavit requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).  Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        However, pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1915(b)(1) (applicable to all civil actions, regardless of whether or not plaintiff is alleging civil rights violations).  Plaintiff must make monthly payments of twenty

---

[1] The Clerk is directed to designate this case as "pro se" in light of the allegations in the lodged complaint (i.e., referring only to purported malpractice occurring prior to plaintiff's incarceration).  *See* Local Rule 1-101 (defining "prisoner cases" as those filed by persons in custody seeking habeas corpus relief" or "any relief authorized by 42 U.S.C. § 1981 *et seq*.").

1

percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds ten dollars until the filing fee is paid.

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it fails to allege a basis for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).

To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff quite simply alleges that the named doctor fused the wrong discs together during surgery prior to his incarceration. Plaintiff does not identify a federal statute or right conferring federal question jurisdiction, nor does he allege any facts necessary to invoke the court's diversity jurisdiction. Because plaintiff has failed to establish subject matter jurisdiction, the complaint must be dismissed. However, in light of plaintiff's pro se status, he will be given

the opportunity to file an amended complaint that cures this defect.  Plaintiff is advised that a tort claim for negligence cannot be translated into a federal civil rights action under 42 U.S.C. § 1983 absent allegations that defendant was acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must allege the violation of a federal constitutional or statutory right and that the violation was committed by a person acting under the color of state law).

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  *See* Fed. R. Civ. P. 8(a).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b).");  Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.");  Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that

4

1 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
2 his action.

3       Accordingly, the court hereby orders that:

4       1. Plaintiff's request to proceed *in forma pauperis* is granted.

5       2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in
6 accordance with the notice to the Director of the California Department of Corrections and
7 Rehabilitation filed concurrently herewith.

8       3. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an
9 original and one copy of the amended complaint, which must bear the docket number assigned to
10 this case and be titled "First Amended Complaint." Failure to file an amended complaint will
11 result in a recommendation this action be dismissed. If plaintiff files an amended complaint
12 stating a cognizable claim and establishing subject matter jurisdiction, the court will proceed
13 with service of process by the United States Marshal.

14 DATED: July 7, 2008.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE